IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NFALY KEITA,                              :

       Petitioner                       :

                                                  :
       vs.                                   :      CIVIL NO. 1:CV-11-0248
                                                  :

MARY SABOL,                               :

       Respondent                     :


*M E M O R A N D U M*

*I.*      *Introduction*

      Nfaly Keita, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) at the York County Prison, in York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Keita challenges the extended nature of his post-final order detention. For the reasons set forth below, Keita's petition for writ of habeas corpus will be denied.


*II.*      *Background*

      Nfaly Keita, is a native and citizen of Guinea. He entered the United States on or about May 27, 1999, with a B-2 Temporary Visa for Pleasure with authorization to remain in the United States for a period of time not to exceed six months. *See* Doc. 6-2, Ex. in Supp. Respondent's Response to Pet. for Writ of Habeas Corpus at p. 4. On June 18, 2010, Keita was arrested in Delaware and charged with possession with intent to deliver cocaine, along with other offenses. *Id.* at p. 9. Keita pled guilty to the drug charge and was sentenced on June 29, 2010, to

five-years imprisonment, suspended to six months of partial confinement with eighteen months of intense supervision. *Id.* at p. 12.

On August 9, 2010, Keita was issued a Notice of Intent to Issue a Final Administrative Removal Order, informing him on the following: "You are deportable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(A)(2)(A)(iii), as amended, because you have been convicted of an aggravated felony as defined in section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B)." *Id.* at p. 15.  Keita signed the form on August 16, 2010, which notified him of his rights and responsibilities during removal proceedings. *Id.* Petitioner indicated that he wished to contest and request withholding of removal because "[u]nder section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3), because [he] fear[s] persecution on account of [his] race, religion, nationality, membership in a particular social group, or political opinion in that country of those countries." *Id.* at p. 16.

Acting Assistant Field Office Director issued a Final Administrative Removal Order on October 8, 2010, finding:

> [Y]ou are not a citizen or national of the United States and you are not lawfully admitted for permanent residence.  I further find that you have a final conviction for an aggravated felony as defined in section 101(a)(43)(B), and are ineligible for any relief from removal that the Secretary of Homeland Security, may grant in an exercise of discretion.  I further find that the administrative record established by clear, convincing, and unequivocal evidence that you are deportable as an alien convicted of an aggravated felony pursuant to section 237(a)(2)(A)(iii). . . . I find you are deportable as charged and order that you be removed from the United States to Guinea.

*Id.* at p. 18.  Ketia was served with the Final Administrative Removal Order on October 13, 2010. *Id.*

*III.     Discussion*

The detention, release, and removal of aliens subject to a final order of removal is governed by the provisions of 8 U.S.C. § 1231.  Pursuant to § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal becomes administratively final.  During this ninety-day period, which is referred to in immigration terms as "the removal period," detention of the alien is mandatory.  *See* 8 U.S.C. § 1231(a)(2).  At the conclusion of the ninety-day period, if the alien has not been removed and still remains in the United States, his post-removal-period detention may be continued only as long as "reasonably necessary" to effectuate his removal from the United States.  *Zadvydas v. Davis*, 533 U.S. 678, 689, 121 S.Ct. 2491, 2498, 150 L.Ed.2d 653 (2001).  Alternatively, he may be released under the supervision of the Attorney General.  *See* 8 U.S.C. §§1231(a)(3) and (6).

The Supreme Court in *Zadvydas*, *supra,* held that the presumptively reasonable post-removal-detention period of an alien pursuant to 8 U.S.C. § 1231(a)(6) is six months.  *Zadvydas*, 533 U.S. at 701, 121. S.Ct. at 2505.  Detention past this period "does not mean that every alien not removed must be released."  *Id.*  If at the conclusion of the six-month period, the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing."  (*Id.*)

In the instant case, Keita alleges he is being held beyond the six-month presumptively reasonable period of detention without any substantial likelihood that his removal to Guinea or any other country is likely to occur in the reasonable foreseeable future.  For some inexplicable reason, Keita contends he was ordered removed on

August 9, 2010. Doc. 1 at p. 2. Based on Keita's unsupported version of the facts, his six-month "presumptively reasonable" period of detention expired on February 9, 2011.

Keita's calculations are unsupported by the record. Respondent has submitted a copy of Keita's removal order (doc. 6-2 at p. 18) which reveals that the Acting Assistant Field Office Director signed the Final Administrative Removal Order on October 8, 2010.[1] When Keita filed his petition, his detention was "presumptively reasonable" because he had not yet been held longer than six months, i.e. April 8, 2011. *See Zadvydas*, 533 U.S. at 701, 121 S.Ct. at 2505; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002)("this six-month period thus must have expired at the time [petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas."*). A petition filed before the expiration date of the presumptively reasonable six months of detention is properly dismissed as premature. *Id.* As the petition was filed prematurely, there is no need for the court to examine whether Petitioner has established "that there is no significant likelihood of [his] removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701, 121. S.Ct. at 2505.

For the reasons set forth above, Petitioner's § 2241 petition will be dismissed.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 12, 2011

---

[1] It was on August 9, 2010, that Keita was served with a copy of the Notice of Intent to Issue a Final Administrative Order advising him of the basis of his removal and advising him of his rights and responsibilities during the removal proceedings. *Id.* at p. 15.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NFALY KEITA, | : |
| Petitioner | : CIVIL NO. 1:CV-11-0248 |
| vs. | : (Judge Caldwell) |
| MARY SABOL, | : |
| Respondent. | : |

*O R D E R*

AND NOW, this 12th day of April, 2011, upon consideration of the Petition for Writ of Habeas Corpus (doc. 1), it is ordered that:

1. The Petition for Writ of Habeas Corpus (doc. 1) is denied.

2. The Clerk of Court shall close this file.

 /s/William W. Caldwell
William W. Caldwell
United States District Judge